(730 P.2d 1109)
No. 59,304

JOSEPH MANGIARACINA, *Appellee*, v. ANGELO L. GUTIERREZ and LINDA L. GUTIERREZ, *Appellants*.

Opinion filed December 31, 1986.

*Charles R. Wilson*, of Overland Park, for the appellants.

*Jack L. Miller*, of Olathe, for the appellee.

Before ABBOTT, C.J., HARRY G. MILLER, District Judge Retired, assigned, and JAMES J. NOONE, District Judge·Retired, assigned.

ABBOTT, C.J.: The trial court granted summary judgment to the plaintiff, Joseph Mangiaracina. The defendants, Angelo Gutierrez and Linda Gutierrez, filed a motion for relief of judgment pursuant to K.S.A. 60-260(b) which was denied.

The defendants argue that the trial court erred in denying their motion for relief from judgment because the underlying summary judgment was void. Defendants contend the summary judgment was void because they were not given a notice of hearing or an opportunity to be heard on the motion pursuant to K.S.A. 60-256(c).

Supreme Court Rule 133, 235 Kan. cv, mandates that a written motion seeking a ruling on the merits of an action (such as a motion for summary judgment) must be accompanied by a short memorandum stating the reasons for the motion, if the reasons are not apparent in the motion, and any citations of authority which the judge should consider. The plaintiff correctly filed and served his motion for summary judgment with the accompanying memorandum. Supreme Court Rule 133 also mandates that, if the motion for summary judgment contained a request for oral argument or, if within five days after the adverse party is served with the motion, that party files a request for oral ar-

gument, no ruling shall be made until the court hears the requested oral argument. In the absence of any request for oral argument, the trial judge has two options. The trial judge "may set the matter for hearing or *rule upon the motion forthwith and communicate the ruling to the parties.*" Rule 133. (Emphasis supplied.)

The defendants did not respond to the plaintiff's motion nor request oral argument. Thus, they are deemed to have admitted the uncontroverted facts as set out by the plaintiff.

The trial court was justified in deciding the case without hearing oral argument and in granting summary judgment to the plaintiff. *Bowen v. City of Kansas City*, 231 Kan. 450, 646 P.2d 484 (1982). We believe the *Bowen* case to be dispositive on this issue and, thus, we need not discuss the federal cases cited by the parties. We do note that the defendants rely heavily on *Capital Films Corp. v. Charles Fries Productions*, 628 F.2d 387 (5th Cir. 1980); *Kibort v. Hampton*, 538 F.2d 90 (5th Cir. 1976), and *Enochs v. Sisson*, 301 F.2d 125 (5th Cir. 1962). Those cases would appear of little, if any, value in light of *Daniels v. Morris*, 746 F.2d 271 (5th Cir. 1984), and *Hamman v. Southwestern Gas Pipeline, Inc.*, 721 F.2d 140 (5th Cir. 1983). *Daniels* and *Hamman* are consistent with *Bowen* and are contrary to plaintiff's position in this case.

Defendants argue that Supreme Court Rule 141, 235 Kan. cx, cannot be used to circumvent the extraordinary procedural safeguards for pro se litigants. Defendants do not elaborate on what they consider extraordinary procedural safeguards. Apparently, defendants believe that those litigants who choose to represent themselves in civil actions should be held to a lesser standard regarding procedural law, and that opposing counsel and the trial court should take it upon themselves to inform pro se litigants of what is required of them under the law of procedure.

The rule that governs this case is simple. A pro se litigant in a civil case is required to follow the same rules of procedure and evidence which are binding upon a litigant who is represented by counsel. Our legal system cannot function on any basis other than equal treatment of all litigants. To have different rules for different classes of litigants is untenable. A party in civil litigation cannot expect the trial judge or an attorney for the other party to advise him or her of the law or court rules, or to see that

his or her case is properly presented to the court. A pro se litigant in a civil case cannot be given either an advantage or a disadvantage solely because of proceeding pro se. Thus, the trial court did not err in failing to consider the fact that defendants were pro se at the time they were served with the motion for summary judgment.

Defendants also argue the judgment is void. The judgment is not void. It is within the discretion of the trial judge whether to grant relief pursuant to 60-260(b)(4).

The defendants next argue that after the court determined the judgment was not void under 60-260(b)(4), it failed to consider the other grounds stated in their motion for relief. The court specifically found that the defendants had not established *any ground* for relief, including excusable neglect.

Our examination of the record convinces us that the trial judge did not abuse his discretion.

Affirmed.