NOT DESIGNATED FOR PUBLICATION

No. 119,575

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MADONNA HOSKINSON,
*Appellant*,

v.

SAL INTAGLIATA,
*Appellee*.


MEMORANDUM OPINION

Appeal from Finney District Court; WENDEL W. WURST, judge. Opinion filed December 7, 2018. Appeal dismissed.

*Madonna Hoskinson*, appellant pro se.

*Penny A. Calhoun*, of Wallace Saunders, Chartered, of Wichita, for appellee.

Before HILL, P.J., BUSER, J., and SIDNEY R. THOMAS, District Judge, assigned.

PER CURIAM: This is a pro se appeal of the district court's granting of summary judgment in favor of Sal Intagliata. In her civil lawsuit, Madonna Hoskinson asserted that Intagliata rendered ineffective assistance of counsel when he represented her in a criminal case. Upon our review, we dismiss the appeal for Hoskinson's failure to comply with multiple rules of appellate procedure and her failure to address the basis for the district court's ruling—that Hoskinson's lawsuit, which is predicated on a tort claim, was filed beyond the applicable statute of limitations.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Hoskinson retained Intagliata to represent her in a criminal case, 10-CR-51, wherein she was charged with taking unfair advantage of the physical or financial resources of a dependent adult. Prior to trial, on May 19, 2011, Hoskinson and the State entered into a diversion agreement. In accordance with the agreement, Hoskinson promised to comply with the diversion terms which included payment in full of restitution. Failure to timely comply with the restitution requirement allowed the State to extend the two-year duration of the diversion agreement. Upon Hoskinson's compliance with the diversion agreement, the State promised to dismiss the criminal case. During the interim, the case was diverted or removed from the criminal case docket.

Prior to the execution of the diversion agreement, Intagliata informed Hoskinson by telephone and letter of the terms of the agreement including the provisions regarding restitution. In a letter dated May 20, 2011, Intagliata advised Hoskinson that she was officially on diversion and his legal representation had concluded.

Over three years later, on August 4, 2014, Hoskinson filed a lawsuit, 14 CV 123, against Intagliata in the form of a letter alleging ineffective assistance of counsel. On October 24, 2014, the district court dismissed the lawsuit along with two other lawsuits in which Hoskinson had alleged ineffective assistance of counsel against two other attorneys. The district court dismissed the lawsuits due to pleading deficiencies and a failure to prosecute her claims.

Over three years later, on January 31, 2018, Hoskinson filed another motion as a civil lawsuit, 18 CV 16, alleging that Intagliata rendered ineffective assistance of counsel. This lawsuit is the subject matter of this appeal. In the lawsuit, Hoskinson asked the district court to dismiss the underlying criminal case, 10-CR-51, due to Intagliata's ineffectiveness as her counsel.

2

In this latest lawsuit, Hoskinson claimed that she did not discover until 2013 that the diversion agreement could be extended, which was two years after she signed the agreement. Her claims were substantially the same as those filed in the dismissed 2013 lawsuit. In the lawsuit, Hoskinson asked the district court to waive "all rules pertaining to how to write this Petition to Motion for ineffective assistance of counsel" due to her being a senior citizen, having a disability, being a female, and appearing pro se.

On February 23 and 26, 2018, Hoskinson filed a motion for default judgment claiming that Intagliata did not file a timely answer to her lawsuit. Intagliata filed his answer to Hoskinson's motion for default judgment on February 28, 2018. On March 12, 2018, Intagliata filed an answer to Hoskinson's lawsuit and also filed a motion for summary judgment.

In his motion for summary judgment, Intagliata contended that summary judgment was appropriate due to laches, res judicata, the statute of limitations, and Hoskinson's failure to properly state a claim upon which relief could be granted. Hoskinson responded by filing a motion to dismiss Intagliata's summary judgment motion. On May 11, 2018, the district court held a hearing on the summary judgment motion and specifically addressed the tort claim of ineffective assistance of counsel. The district court did not address Hoskinson's request to dismiss her criminal case.

The district court granted summary judgment in favor of Intagliata in a lengthy and detailed memorandum decision. At the outset, the district court found there were no material issues of fact. The district court also found that Hoskinson did not comply with Kansas Supreme Court Rule 141 (2018 Kan. S. Ct. R. 205) in responding to Intagliata's summary judgment motion. Specifically, Hoskinson failed to: (1) state her controverted facts into separately numbered paragraphs, (2) concisely summarize conflicting testimony, evidence, and other genuine issues of material facts, and (3) provide precise references as required by Supreme Court Rule 141(a)(2). Additionally, the district court

3

ruled that Hoskinson's repeated requests to waive procedural requirements in her pleadings due to her pro se status, claimed cognitive disability, and senior citizen status were not persuasive.

With regard to the merits of Intagliata's summary judgment motion, the district court reasoned that Hoskinson had consistently pled ineffective assistance of counsel as a tort claim but did not plead a cause of action based on a breach of contract. The district court found that Hoskinson's ineffective assistance of counsel allegations should have been known by 2013 when she discovered the State could extend the duration of the diversion agreement if she did not pay the full restitution amount. The district court also found the claimed injury reasonably should have been discovered on other occasions: (1) when Hoskinson entered into the diversion agreement; (2) when Intagliata's letter informed her that his representation concluded; (3) when the diversion agreement was extended in 2013 due to her failure to pay restitution in full; and (4) when her first ineffective assistance of counsel lawsuit was dismissed in 2014.

In any event, because the injury reasonably should have been discovered more than two years prior to the filing of her lawsuit in 2018 and the ineffective assistance of counsel claim was based in tort, rather than contract, the district court held the two-year statute of limitations barred the filing of the claim under K.S.A. 60-513(a)(4). As a result, the district court granted summary judgment to Intagliata and dismissed the lawsuit.

Hoskinson filed a timely notice of appeal.

ANALYSIS

Hoskinson appeals the district court's granting of summary judgment in favor of Intagliata. Our standard of review provides that where there is no factual dispute,

4

appellate review of an order regarding summary judgment is de novo. *Martin v. Naik*, 297 Kan. 241, 246, 300 P.3d 625 (2013).

Preliminarily, Intagliata contends our court should not address the merits of the appeal because of Hoskinson's failure to adequately brief the issues on appeal. Generally, inadequately briefed issues are deemed waived and abandoned. *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017). Intagliata's argument is meritorious. Hoskinson's pro se brief does not meet the procedural requirements of Kansas Supreme Court Rule 6.02 (2018 Kan. S. Ct. R. 34).

First, Hoskinson does not cite to the volume or page numbers of the record on appeal in the statement of facts section as required under Supreme Court Rule 6.02(a)(4) (2018 Kan. S. Ct. R. 35), which states: "The facts included in the statement must be keyed to the record on appeal by volume and page number." As a result, our court may presume that the factual statement has no support in the record on appeal. Kansas Supreme Court Rule 6.02(a)(4).

In addition, Hoskinson only provided facts regarding her past divorce case and her past criminal case which are immaterial to the issue presented on appeal of whether the district court erred in granting summary judgment in favor of Intagliata.

Second, Hoskinson failed to provide a brief issue statement, without elaboration, for each of her issues on appeal as required under Kansas Supreme Court Rule 6.02(a)(2). Hoskinson complains of eight issues on appeal. All of the issue statements consist of multiple sentences which cannot be considered a "brief" statement. Hoskinson also elaborates on the merits of each one in the issue statements. Moreover, Hoskinson's issue statements are not clearly stated and, as a result, it is difficult to discern what she is complaining of on appeal and how the district court erred in deciding the summary judgment issue.

5

Third, a party is required to begin each issue by stating the appropriate standard of review under Supreme Court Rule 6.02(a)(5). Hoskinson provides the following standard of review for each issue: "In a light most favorable to the Plaintiff/Appellant with every doubt resolved in the Plaintiff/Appellants favor, and this is viewed as invaluable at this point." Hoskinson does not provide any legal citation for this claimed standard of review, and we are persuaded that this statement is not a correct standard of review for the issues raised.

Fourth, Hoskinson fails to support her arguments with any relevant legal authority, statutory or caselaw. While Hoskinson cites K.S.A. 58-661—which grants compensation for power of attorney services—occasionally, this statute does not relate to the summary judgment proceedings or the district court's ruling on appeal. "[A]n argument that is not supported with pertinent authority is deemed waived or abandoned." *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 645, 294 P.3d 287 (2013).

Fifth, under each issue, Hoskinson provides only a few paragraphs of argument which only contain factual references to her divorce, the criminal complaint, and compensation for her services as a power of attorney. None of these facts are relevant or material to her ineffective assistance of counsel tort claim, and none of the facts controvert the summary judgment rendered by the district court on grounds that the lawsuit was filed beyond the two-year statute of limitations for tort actions. See K.S.A. 60-513(a)(4).

Sixth, Hoskinson has failed to provide a proper record on appeal. While she has provided two volumes of documents to the record on appeal, she attached exhibits A-N to the back of her brief and asks our court to include these documents as part of the official appellate record. Under Kansas Supreme Court Rule 6.02(b), however, an appellant may only attach documents as an appendix to the appellant's brief for the court's convenience

6

and may not use the attachments as a substitute for the record itself. These attachments must be limited extracts from the record on appeal.

Intagliata concedes that some of these documents are included in the record, but most of them are not. Unfortunately, many of Hoskinson's arguments point to exhibits not contained in the record on appeal for support of her positions. Because the record does not contain adequate documents that support her arguments, we may presume the district court did not err. See *Friedman*, 296 Kan. at 644; *Kelly v. VinZant*, 287 Kan. 509, 526, 197 P.3d 803 (2008).

We note that Hoskinson candidly concedes that she has failed to comply with our appellate rules and she asks our court to "waive all the rules" on account of her pro se status, claimed cognitive disability, and her inability to access the Internet on her computer. Hoskinson seeks to excuse her noncompliance because she does not know attorney language, terminology, or the rules required to write a brief or a petition. She also states that because her computer has no Internet access, she was unable to research cases or learn case titles.

Kansas appellate courts have ruled that pro se litigants will be held to the same standard as litigants represented by counsel:

> "'A pro se litigant in a civil case is required to follow the same rules of procedure and evidence which are binding upon a litigant who is represented by counsel. Our legal system cannot function on any basis other than equal treatment of all litigants. To have different rules for different classes of litigants is untenable. A party in civil litigation cannot expect the trial judge or an attorney for the other party to advise him or her of the law or court rules, or to see that his or her case is properly presented to the court. A pro se litigant in a civil case cannot be given either an advantage or a disadvantage solely because of proceeding pro se.' *Mangiaracina v. Gutierrez*, 11 Kan. App. 2d 594, 595-96,

7

730 P.2d 1109 (1986)." *In re Estate of Broderick*, 34 Kan. App. 2d 695, 701, 125 P.3d 564 (2005).

Accordingly, Hoskinson was required to submit an appellant's brief that complies with the Kansas Supreme Court rules despite the fact that she appears pro se. Because Hoskinson has failed to comply with the appellate rules and has not supported her claims with sufficient legal authority, her issues on appeal are deemed waived and abandoned.

There is a second basis upon which this appeal is waived or abandoned. The district court's summary judgment ruling in favor of Intagliata was based on its legal conclusion that, because Hoskinson was bringing a tort claim, the applicable statute of limitations had expired years before the filing of this lawsuit. On appeal, Hoskinson does not challenge the district court's holding. Instead, she essentially asks this court to convert her complaint from a tort claim to a breach of contract claim, presumably so that her lawsuit may be considered under the more generous statute of limitations for contract actions. See K.S.A. 60-512(1) (unwritten); K.S.A. 60-511(1) (written). But Hoskinson does not provide any explanation as to how her tort claim may be transformed into a contract claim at this late stage in the proceedings.

Moreover, Hoskinson fails to articulate why a contract claim issue is properly before our court. Under Kansas Supreme Court Rule 6.02(a)(5), a party must pinpoint the reference to the location in the record where the appellate issue is raised and ruled on below. If the issue was not raised below, the party must give an explanation as to why it is properly before this court. Our Supreme Court has warned that litigants must comply with Supreme Court Rule 6.02(a)(5) "or risk a ruling that an issue improperly briefed will be deemed waived or abandoned." *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014). Hoskinson failed to raise the contract issue before the district court, and on appeal she does not explain this omission. This is another reason for our conclusion that the appeal is waived or abandoned.

8

For all of the reasons discussed in this opinion, the appeal is dismissed.