NOT DESIGNATED FOR PUBLICATION

No. 122,120

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MADONNA HOSKINSON,
*Appellant*,

v.

THELMA CLARENE "TOKE" HEIMAN,
*Appellee*.

MEMORANDUM OPINION

Appeal from Finney District Court; RICKLIN PIERCE, judge. Opinion filed June 4, 2021. Affirmed.

*Madonna Hoskinson*, appellant pro se.

*Michael E. Collins*, of Hope, Mills, Bolin, Collins & Ramsey, of Garden City, for appellee.

Before ARNOLD-BURGER, C.J., HILL, J., and MCANANY, S.J.

PER CURIAM: Madonna Hoskinson appeals the district court's dismissal of her petition and several motions related to claims against her ex-husband's cousin, Thelma Clarene 'Toke' Heiman. She alleged that Heiman interfered with Madonna's marriage and her rightful inheritance from her ex-husband upon his death. Because she has disregarded virtually every appellate briefing rule, making it impossible for this court to discern her argument and authorities in support of it, we affirm the district court's decision.

1

The facts in this case are set forth in *Hoskinson v. Heiman*, No. 116,934, 2017 WL 5184412, at *1 (Kan. App. 2017) (unpublished opinion).

"Beginning in January 2006, Sherman Laverne Hoskinson (Laverne) employed Madonna as a caregiver for himself and his disabled dependent adult daughter, Janyth Hoskinson (Janyth). Madonna and Laverne married in August 2008. Three months later, on November 12, 2008, [Thelma Clarene 'Toke'] Heiman, Laverne's cousin, had him removed from his marital residence and placed in an assisted living facility. The next day, Heiman procured a power of attorney for Laverne and filed for his divorce from Madonna.

"Madonna and Laverne's divorce was finalized one year later, on November 25, 2009. Madonna continued to be Janyth's caregiver. After the divorce, Heiman changed Laverne's last will and testament to exclude his daughter, Janyth.

"The State subsequently charged Madonna with mistreatment of a dependent adult in case 10CR51, and she entered a diversion agreement.

"Laverne died testate on April 18, 2013. His last will and testament was filed for probate on April 24, 2013. Janyth filed her answer to the petition for probate on May 14, 2013. The final settlement of Laverne's estate was filed on July 18, 2014. Janyth was not included in the final settlement of the estate.

"On August 6, 2015, Madonna filed a pro se petition alleging Heiman interfered with Madonna's marriage. On January 22, 2016, Madonna, now represented by counsel, filed an amended petition. She alleged the tort of outrage based on Heiman's conduct in leaving her the 'ongoing obligation for care needs of a disabled dependent adult family member without familial or financial support.' She also alleged tortious interference with inheritance. Madonna sought no less than $50,000 for each claim.

"On February 24, 2016, Heiman moved for judgment on the pleadings. Following argument, on July 26, 2016, the district court granted Heiman's motion for judgment on the pleadings with regard to tortious interference with inheritance but denied the motion with regard to the claim for outrage.

"On August 30, 2016, Heiman moved for summary judgment based on the statute of limitations. On November 23, 2016, the district court found the statute of limitations ran two years from the date the petition for probate of Laverne's estate was filed or alternatively from the date Janyth filed her answer. It granted Heiman's motion for summary judgment based on the statute of limitations since Madonna's lawsuit was filed more than two years after Janyth filed her answer in the probate case. Madonna has appealed from the court's order granting summary judgment." 2017 WL 5184412, at *1.

On appeal, Madonna requested that this court "vacate the district court's decision not to set aside the will in the probate case; vacate the divorce granted to Madonna and Laverne; vacate the criminal case in which she was granted diversion; and order Heiman to create a special needs trust for Janyth." 2017 WL 5184412, at *2. But this court held that it lacked jurisdiction to address all but one of Madonna's claims.

First, Madonna's claims over the divorce and probate case did not have timely notices of appeal. Second, her request to vacate the criminal case was untimely because there was not a final judgment at the time. 2017 WL 5184412, at *2. Finally, the district court held that the statute of limitations barred Madonna's claim of outrage. 2017 WL 5184412, at *4. This court issued its opinion on November 9, 2017.

Just shy of a year later, Madonna filed a petition, this time pro se, with the district court raising several issues. In her petition, Madonna continued to raise arguments stemming from her marriage and subsequent divorce from Laverne, his placement in a nursing home, her criminal diversion, and the various financial implications involved.

3

In response, Heiman filed two motions. First, she moved the court to restrict Madonna's ability to file litigation in the district court. In support, Heiman pointed to several cases filed by Madonna within a short time frame that contained "rambling, incoherent, incomprehensible allegations." Heiman requested that the district court order Madonna to meet certain requirements before new pleadings or petitions could be filed in the court. The district court granted Heiman's motion and ordered a permanent injunction on Madonna's ability to file lawsuits in Finney County, Kansas, without going through a pre-approval process with the district court.

Second, she moved to dismiss Madonna's pending motion. Heiman argued that Madonna's petition was filed outside the statute of limitations, failed to state a claim, and was subject to res judicata and claim preclusion given the previous litigation between Madonna and Heiman. The district court granted this motion as well, dismissing Madonna's case with prejudice.

In its order of dismissal, the district court first found that it had no jurisdiction to dismiss Madonna's criminal case. The court also found that Madonna did not file her petition within the statute of limitations and that she was precluded from making her arguments because she could have brought them in her earlier case. Finally, the court held that Madonna's petition violated the requirement that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and a "demand for the relief sought." See K.S.A. 2020 Supp. 60-208(a).

Madonna filed several more motions, which were all denied, and several more notices of appeal followed. She appeals all orders.

ANALYSIS

While appellate courts must liberally construe pro se pleadings to give effect to the content rather than rely on the form or label of the pleading, Kansas courts still hold pro se litigants to the same procedural and evidentiary rules as licensed attorneys. *Mangiaracina v. Gutierrez*, 11 Kan. App. 2d 594, 595-96, 730 P.2d 1109 (1986). "A party in civil litigation cannot expect the trial judge or an attorney for the other party to advise him or her of the law or court rules, or to see that his or her case is properly presented to the court. A pro se litigant in a civil case cannot be given either an advantage or a disadvantage solely because of proceeding pro se." 11 Kan. App. 2d at 596.

While we are to be mindful of the difficulties faced by pro se litigants, Madonna has disregarded the rules of this court in every way in her brief. Her failure to do so makes it impossible for this court to properly discern the legal and factual basis for her claims.

The Kansas rules related to appellate practice require an appellant's brief to meet certain minimum criteria. An appellant's brief must contain a table of contents that lists the authorities relied on to support each issue, a *brief* statement of the nature of the case, a brief statement of the issues to be presented, a concise but complete statement without argument of the material facts, and the arguments and authorities relied on—separated by issue. "Each issue must begin with citation to the appropriate standard of appellate review and a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on. If the issue was not raised below, there must be an explanation why the issue is properly before the court." Kansas Supreme Court Rule 6.02(5) (2021 Kan. S. Ct. R. 36).

The reason for these rules is not to make it difficult for attorneys or pro se litigants by putting technical obstacles in their path for appellate review. As the Missouri Supreme

Court held, sitting en banc, compliance with briefing rules is not a "word game or a matter of hypertechnicality." *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. 1978).

"It is rooted in sound policy. Perhaps the most important objective of the requirement relative to the points relied on is the threshold function of giving notice to the party opponent of the precise matters which must be contended with and answered. Absent that, it is difficult, at the very least, for respondent's counsel to properly perform his briefing obligation. This is particularly so in a case such as this where the facts are complex. In addition, such notice is essential to inform the court of the issues presented for resolution. Clear statement of the points relied on facilitates full advocacy and affords the opportunity for clarification by meaningful questions directed to the issues stated in the points relied on. If the appellate court is left to search the argument portion of the brief (or even worse, to search the record on appeal) to determine and clarify the nature of the contentions asserted, much more is at stake than a waste of judicial time (even though in this time of increased litigation and heavy caseloads, that alone is sufficient justification for the rules). The more invidious problem is that the court may interpret the thrust of the contention differently than does the opponent or differently than was intended by the party asserting the contention. If that happens, the appellate process has failed in its primary objective of resolving issues raised and relied on in an appeal.

"Failure to properly state the points relied on indicates a lack of understanding of the appellate function and process. Ordinarily, an appellate court sits as a court of review. Its function is not to hear evidence and, based thereon, to make an original determination. Instead, it provides an opportunity to examine asserted error in the trial court which is of such a nature that the complaining party is entitled to a new trial or outright reversal or some modification of the judgment entered. It is not the function of the appellate court to serve as advocate for any party to an appeal. That is the function of counsel. It would be unfair to the parties if it were otherwise. That is the reason for the sometimes expressed unwillingness of an appellate court to assume the role of counsel and advocate for a party on appeal. When counsel fail in their duty by filing briefs which are not in conformity with the applicable rules and do not sufficiently advise the court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency.

6

Courts should not be asked or expected to assume such a role. In addition to being inherently unfair to the other party to the appeal, it is unfair to parties in other cases awaiting disposition because it takes from them appellate time and resources which should be devoted to expeditious resolution of their appeals." 570 S.W.2d at 686.

Here, Madonna's arguments are incomprehensible. The appellate court is not expected to decide a case based on inadequate briefing or to undertake more research and a search of the record to cure the deficiency. See *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (holding that although we construe pro se filings liberally, appellate courts cannot construct arguments and "'fill the void'" when litigant's arguments are incomprehensible). Madonna's brief does not comply with any of this court's rules and her failure to comply makes it impossible for this court to review her claims. Inadequately briefed issues are considered waived or abandoned, and all of Madonna's issues are inadequately briefed. See *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017).

Because Madonna presents no comprehensible or proper argument to find the district court committed reversible error, the district court's decisions are affirmed.

Affirmed.