NOT DESIGNATED FOR PUBLICATION

No. 124,771

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ALMA GENE BELMORE,
*Appellee*,

v.

MARGARET M. GOLDIZEN, et al.,
*Appellants*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; RYAN W. ROSAUER, judge. Opinion filed February 17, 2023. Affirmed.

*Margaret Goldizen*, appellant pro se.

No appearance by appellee.

Before CLINE, P.J., ISHERWOOD, J., and PATRICK D. MCANANY, S.J.

PER CURIAM:  In September 2021, the district court found that Margaret and John "Jay" Goldizen owed several months' rent to Alma Belmore, Margaret's mother. It granted summary judgment to Alma and denied several motions filed by the Goldizens.

Margaret (the Goldizens) has not adequately briefed their arguments on appeal, so we find them waived and abandoned. We affirm the district court's judgment for Alma and its denials of the Goldizens' motions.

1

FACTS

This action arises out of a longstanding family feud pitting the Goldizens against Margaret's siblings and Alma. The facts are explained in more detail in this court's decision in a prior action filed by Alma against Margaret. *Belmore v. Goldizen*, No. 121,978, 2021 WL 4127194 (Kan. App. 2021) (unpublished opinion), *rev. denied* 314 Kan. 854 (2022).

In summary, Alma, a long-time resident of the state of Washington, purchased property in Abilene, Kansas, for investment purposes in 2000. She eventually rented this property to the Goldizens for $400 a month through an oral lease agreement.

In 2016, Alma began displaying symptoms of middle-stage dementia. Five of her six children (including Margaret) gathered in Washington to discuss Alma's deteriorating health and ability to manage her affairs. After this meeting, Margaret arranged to become Alma's attorney-in-fact and added her name to Alma's checking and savings accounts. Without telling Alma's other children, Margaret moved Alma and her belongings to Kansas, where Alma began living in an RV on the Kansas property. The Goldizens kept living in the house located on this property, but they stopped paying rent after taking custody of Alma.

Alma eventually discovered a great deal of her money was missing and that Margaret had been using her credit cards, leaving Alma with a balance of a little over $23,000. Alma then moved back to Washington to live with her sons. She sued Margaret in 2017 for breach of fiduciary duty as attorney-in-fact, undue influence, conversion of Alma's personal property and money, and breach of oral contract for Margaret's failure to pay rent. Alma amended her complaint two days later and added John as a defendant for the conversion and breach of oral contract claims. Alma prevailed on all claims, which were affirmed by this court on appeal. 2021 WL 4127194, at *1, 8.

While the 2017 case was on appeal, Alma filed this case in May 2019 as a limited action for possession of the Abilene property and unpaid rent from the Goldizens. Although the Goldizens had counsel in the 2017 case, they chose to represent themselves in the 2019 case.

On September 10, 2019, the district magistrate judge entered a journal entry of judgment for possession in the 2019 case, finding: (1) Alma served Margaret on June 17, 2019, and served John in open court on August 12, 2019; (2) the Goldizens' status as renters and Alma's ownership of the property was litigated in the 2017 case; (3) the Goldizens failed to vacate the premises despite the tenancy's termination; (4) Alma was entitled to recover possession of the premises; and (5) Alma was entitled to damages and past due rent from the Goldizens, in an amount to be determined after Alma obtained possession of the property. In July 2020, the district court converted the 2019 case from a limited action to a Chapter 60 action.

The Goldizens filed several motions in the 2019 case, most of which are not relevant on appeal. Eventually, the district court granted summary judgment to Alma and found the Goldizens owed rent from January through September 2019 at $400 per month.

ANALYSIS

The Goldizens appeal the district court's summary judgment decision along with other decisions made throughout the 2019 case. But the same difficulties that appeared to plague the Goldizens below—that is, misunderstanding of the law and misunderstanding or misrepresentation of the facts—persist on appeal. And although we are obligated to liberally construe their pleadings since they are representing themselves, we are equally obligated to hold them to the same procedural standards as represented parties. *Wilson v. State*, 40 Kan. App. 2d 170, 178, 192 P.3d 1121 (2008); *In re Estate of Broderick*, 34

Kan. App. 2d 695, 701, 125 P.3d 564 (2005). To do otherwise would compromise the integrity and impartiality of our legal system.

> "A pro se litigant in a civil case is required to follow the same rules of procedure and evidence which are binding upon a litigant who is represented by counsel. Our legal system cannot function on any basis other than equal treatment of all litigants. To have different rules for different classes of litigants is untenable. A party in civil litigation cannot expect the trial judge or an attorney for the other party to advise him or her of the law or court rules, or to see that his or her case is properly presented to the court. A pro se litigant in a civil case cannot be given either an advantage or a disadvantage solely because of proceeding pro se." *Mangiaracina v. Gutierrez*, 11 Kan. App. 2d 594, 595-96, 730 P.2d 1109 (1986).

The Goldizens have failed to satisfy their burden on appeal since they have not adequately briefed the issues they raise. See *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018) (issues not adequately briefed are considered waived or abandoned); *In re Adoption of T.M.M.H.*, 307 Kan. 902, 912, 416 P.3d 999 (2018) (failure to support a point with pertinent authority or failure to show why a point is sound despite a lack of supporting authority or in the face of contrary authority is like failing to brief the issue); *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017) (a point raised incidentally in a brief and not argued is considered waived or abandoned). While we will discuss each point in turn, we find the Goldizens merely rehash issues already addressed by the district court without providing any factual basis or legal support for their position and failing to properly explain the error they allege occurred.

1. *Did the district court err in ruling on Alma's motion for additional damages?*

The Goldizens first assert that the district court erred in ruling on a motion dismissed by Alma or, in the alternative, a motion not filed by Alma in this case. They allege the district court improperly entered "a default judgment for additional damages

against BOTH Margaret and [J]ay Goldizen" despite Alma's withdrawal of her claim for additional damages. But they mischaracterize the district court's ruling: The court entered summary judgment for back rent against the Goldizens. While the court did point out that John failed to answer and was thus in default, it did not grant default judgment against him. Nor did it grant judgment for any additional damages. Instead, it very specifically said: "The court grants summary judg[]ment in favor of Plaintiff against Defendants in the amount of $400 per month from January 2019 through September 2019." We therefore find no merit in this argument on appeal.

2. *Did the district court err in ordering John to pay back rent?*

The Goldizens claim on appeal that the "doctrine of res judicata/collater[a]l estoppel prevented the Court from reassessing whether John Goldizen owed any monies for rent or damages after the court had previously ordered that Jay Goldizen did not owe rent" in the 2017 case. According to them, because the district court only ordered Margaret to pay back rent in the 2017 case, it cannot now require them both to pay back rent for 2019.

We find no merit in this argument since the Goldizens provide only conclusory allegations with no analysis to support their claims. *Joritz v. University of Kansas*, 61 Kan. App. 482, 503, 505 P.3d 775 (2022) ("Appellants do not meet their burden of establishing error on appeal by making conclusory contentions without any analysis, let alone evidence, to support their claims."). The legal authority they cite is simply a recitation of the elements of res judicata and collateral estoppel—it provides no support for their assertion that these doctrines apply to the facts here. Nor do they try to explain how any element of these doctrines is satisfied.

The Goldizens also make no effort to address the district court's ruling on this claim. The district court found that Margaret admitted she and John both lived in the

5

house on the Kansas property through September 2019 and that she did not controvert Alma's contention that they failed to pay rent. It also held any finding in the 2017 action that John was not a renter in 2017 did not preclude it from finding in the 2019 case that John was a renter in 2019 and that the Goldizens "admitted to the essential facts through their pleadings" about whether they owed rent for 2019. The Goldizens do not contest any of these findings on appeal.

We find the Goldizens have waived and abandoned their arguments on this issue by failing to adequately brief them. See *In re Marriage of Williams*, 307 Kan. at 977.

3. *Did the district court improperly enter judgment against the Goldizens because John was allegedly never served?*

The Goldizens also claim the district court improperly entered "default judgment" against them because they assert that John was never served with Alma's petition in the 2019 case. But, again, they provide only conclusory allegations with no analysis to support their claims and fail to address the district court's factual findings on this issue.

First, as noted above, the district court entered summary judgment, not default judgment. And the Goldizens fail to explain how the district court's finding that John was personally served was incorrect or unsupported. As the district court pointed out in its summary judgment ruling, Alma served John in open court on August 12, 2019. This finding was made in its August 26, 2019 Journal Entry of Judgment for Possession, which the Goldizens do not controvert. Instead, they claim Alma's attorney fraudulently filed documents stating she served John by mail or posted service. But even accepting the statements about mailed or posted service as true, they are beside the point—they do not controvert the court's finding that John was personally served in open court.

Although we generally review summary judgment decisions de novo, the Goldizens point to no evidence in the record where they contested the district court's finding that John was personally served in open court, nor do they assert on appeal that he was not. See *GFTLenexa, LLC v. City of Lenexa*, 310 Kan. 976, 981-82, 453 P.3d 304 (2019) (de novo standard of review for summary judgment decisions). And in our review of the record, we cannot locate a response from the Goldizens to Alma's motion for summary judgment. While the record includes the Goldizens' competing motion for summary judgment, that motion does not address the service issue but instead argues they do not owe rent because they claimed to own the property. As in *Joritz*, the Goldizens have "created and then knocked down [their] own strawman argument" without addressing the real basis for the court's finding on service of John. See 61 Kan. App. 2d at 510.

The Goldizens provide no factual or legal basis to conclude the district court erred in finding John was served in open court in August 2019. See *In re Adoption of T.M.M.H.*, 307 Kan. at 912. They do not argue that the facts on this issue are controverted or that the undisputed facts do not warrant relief for Alma. Instead, the Goldizens regurgitate portions of caselaw, statutory law, and rules of civil procedure without trying to relate their quotations to this case. As a result of the Goldizens' inadequate briefing, we affirm the district court's decision to grant summary judgment to Alma.

4. *Did the district court abuse its discretion in denying the Goldizens' requests to find Alma in contempt?*

Throughout the 2019 case, the Goldizens filed several motions asking the district court to find Alma and her counsel in contempt. On appeal, they claim the district court erred in denying these motions because Alma failed to: (1) respond to discovery requests, (2) serve them with court documents, and (3) respond to an accounting of garnishment ordered by the district court.

While the Goldizens do not make this distinction, we note their allegations would be categorized as actions of indirect civil contempt under K.S.A. 20-1202 ("[C]ontempts committed during the sitting of the court or of a judge at chambers, in its or his presence, are direct contempts. All others are indirect contempts."). And a district court's finding that a party has not committed indirect civil contempt is reviewed for abuse of judicial discretion. *American Trust Administrators, Inc. v. Sebelius*, 267 Kan. 480, 489, 981 P.2d 248 (1999); *Holman v. Stapleton*, No. 118,623, 2018 WL 4939362, at *4 (Kan. App. 2018) (unpublished opinion). This deferential standard is applied because the district court is reviewing compliance with its own order and is thus in the best position to determine whether the alleged conduct rises to the level of contempt. 2018 WL 4939362, at *4-5; *In re Marriage of Langley*, No. 115,829, 2017 WL 1534853, at *3 (Kan. App. 2017) (unpublished opinion).

A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *Biglow v. Eidenberg*, 308 Kan. 873, 893, 424 P.3d 515 (2018). As the party asserting the district court abused its discretion, the Goldizens bear the burden of showing such abuse of discretion. See *Gannon v. State*, 305 Kan. 850, 868, 390 P.3d 461 (2017).

As was the case in *Holman*, the Goldizens do not argue the district court abused its discretion in refusing to find Alma in contempt. See 2018 WL 4939362, at *5. Instead, they simply rehash their argument before the district court and provide only conclusory allegations with no analysis, let alone evidence, to support their claims. See *Joritz*, 61 Kan. App. 2d at 503. First, they assert the district court should have found Alma in contempt for failing to respond to discovery and failing to serve documents but provide no record citations or any details to support these claims. As to their garnishment claim, they simply allege Alma filed a notice of accounting of garnishments issued in the 2017 case past the court deadline. While they offer no further explanation on appeal, a review of the record reveals the Goldizens complained below that the notice and accounting of

8

garnishments was filed 100 days late. Yet they do not argue that they suffered any prejudice from this alleged belated filing. Instead, they simply point out the district court ordered any funds garnished in the 2017 case be applied towards the 2019 case. And a review of the record reveals Alma did just that.

The Goldizens have provided no basis to find the district court abused its discretion in failing to find Alma in contempt, so this issue fails as well.

5. *Did the district court abuse its discretion in dismissing the Goldizens' claims about incorrect party names?*

The Goldizens raise two arguments on appeal regarding improper names: One relates to Alma's name, and one relates to John's name. First, they claim Alma filed the 2019 case under an incorrect name because she identified herself as "Alma Gene Belmore," and the Goldizens claim Alma's middle name is Georgina. Next, they claim Alma sued John using his nickname, "Jay," but then fraudulently changed it to "John" in later filings without leave of the district court. They claim Alma should not have changed his name to John in "court garnishment documents" without the court's permission.

We find the Goldizens' argument about Alma's middle name unpreserved because they never mentioned it to the district court. See Kansas Supreme Court Rule 6.02(a)(5) (2022 Kan. S. Ct. R. at 36); *State v. Meredith*, 306 Kan. 906, 909, 399 P.3d 859 (2017). We generally do not consider arguments raised for the first time on appeal, and the Goldizens do not invoke any exceptions to this general rule. We therefore find they have waived and abandoned it. See *Joritz*, 61 Kan. App. 2d at 505.

As for Alma's alleged improper use of John's name, the Goldizens allege Alma's attorney improperly changed John's name on "court garnishment documents" without court permission. But they provide no record citations or analysis to support their claim.

Our review of the record reveals that in August 2021, the Goldizens filed two separate motions for relief and sanctions, which each accused Alma's attorney of (among other things) improperly changing John's name on a garnishment order without court permission. The district court denied these motions, describing one as "full of allegations but no legally cognizable claim for which this court could grant relief" and the other as addressing procedural issues with "no showing of actual damages."

The Goldizens do not explain how the district court erred in dismissing this claim, so we find it waived and abandoned as well. See *Russell*, 306 Kan. at 1089 (holding that a point raised incidentally in a brief and not argued is considered waived or abandoned).

6. *Did the district court abuse its discretion in not allowing other parties to join the action?*

The Goldizens argue that the district court erred in refusing to join the "true" parties here. But they fail to support this claim with record citations, analysis, or legal authority.

Our review of the record reveals the Goldizens moved to join third parties under Rule 19 on October 30, 2020, apparently in both the 2017 case and the 2019 case, in which they alleged: (1) Alma was incompetent, three other individuals were pursuing claims in her name, and they should be joined as plaintiffs, and (2) two other individuals lived in the Kansas home, were liable for rent just like the Goldizens, and should be joined as defendants. The district court denied this motion on December 20, 2020, noting the Goldizens should have filed it well before the trial in 2018.

We review the denial of a motion to join a necessary party under K.S.A. 60-219 under an abuse of discretion standard. *Landmark Nat'l Bank v. Kesler*, 289 Kan. 528, Syl. ¶ 1, 216 P.3d 158 (2009). Again, the Goldizens fail to explain how the district court

10

abused its discretion, so we find this argument waived and abandoned. See *Russell*, 306 Kan. at 1089 (holding that a point raised incidentally in a brief and not argued is considered waived or abandoned). As to the failure to join additional plaintiffs, they merely provide a fleeting reference to their allegation that Alma was mentally incapacitated and thus unable to participate as a plaintiff, with no record citation or analysis of how the court allegedly erred. They also only briefly complain in the conclusion section of their brief that Alma improperly failed to sue a third party whom they claimed also lived in the home and owed rent—again providing no record citation or analysis. We cannot find the district court erred in denying their motion on this record.

7. *Did the district court abuse its discretion in denying the Goldizens' requests for a jury trial?*

The Goldizens next assert the district court erred in denying their "numerous motions for a jury trial." They offer no explanation or support for this argument—they simply list a string of quotes from various legal opinions which have no connection to the issues, nor do the Goldizens attempt to draw one. Since the district court granted summary judgment to Alma, the Goldizens have no right to a jury trial on Alma's claim for rent. They make no argument that the district court improperly granted summary judgment—by, for example, asserting the fact-findings or legal conclusion on which summary judgment was based were unsupported. We therefore find no merit in this argument.

8. *Did the district court abuse its discretion in dismissing the Goldizens' claims that Alma's counsel acted unethically?*

The last issue the Goldizens raise on appeal is a claim that Alma's counsel did not adhere to ethical standards. They argue Alma's counsel "should be sanctioned and fined accordingly along with being reported to the bar" for "illegal discrepancies and acts." Their complaints in this regard all center on their allegations that Alma's counsel did not

properly serve defendants and "fraudulently and illegally changed" John's name without leave of court. Again, they provide no record citations or further explanation to support their claims. We have already noted the district court determined these underlying complaints were meritless and the Goldizens did not explain how the court erred. We find the Goldizens have waived and abandoned this argument as well for their failure to adequately brief it. See *Russell*, 306 Kan. at 1089.

CONCLUSION

Vague references, assertions with no support in the record, and incomplete analysis do not satisfy a party's burden on appeal. The Goldizens have provided us with no basis to find any error by the district court in the decisions they challenge.

Affirmed.