NOT DESIGNATED FOR PUBLICATION

No. 126,729

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF TOPEKA – PROPERTY CODE ENFORCEMENT,
*Appellee*,

v.

PAUL PENNINGTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; DENNIS C. JONES, magistrate judge. Submitted without oral argument. Opinion filed December 5, 2025. Affirmed.

*Paul Pennington*, appellant pro se.

*Kendall M. McVay*, of Hollins & McVay P.A., of Topeka, for appellee.

Before ISHERWOOD, P.J., CLINE, J., and COURTNEY D. CRAVER, District Judge, assigned.

PER CURIAM: Paul Pennington failed to maintain his real properties in compliance with the Topeka Municipal Code. After the City of Topeka's Department of Property Code Enforcement took remedial action and assessed the resulting costs and fees, Pennington did not pay. The City filed a petition to recover those amounts, and Pennington failed to file a timely response. The City then moved for summary judgment, which the district court granted. Pennington now appeals from that ruling.

1

After reviewing the record and finding no error, the district court's judgment is affirmed.

FACTUAL AND PROCEDURAL HISTORY

Pennington owned two residential properties in Topeka, Kansas—one on SE Leland Street and one on SE Chandler Street. Between May 2018 and August 2021, the City of Topeka Department of Property Code Enforcement inspected the properties eight times and cited Pennington for overgrown weeds in violation of the Topeka Municipal Code (T.M.C.). Under K.S.A. 12-1617f and T.M.C. § 8.60.080, sec. 107.3(a)(7), the City was required to send only one notice per calendar year before performing remedial work. Each annual notice advised Pennington that he had 10 days to correct the violation before the City would abate the nuisance and assess costs and administrative penalties. The notices also advised Pennington that he had the right to appeal.

Pennington did not correct the violations, contest the assessment of fees, or appeal the citations, so the City completed the cleanup work and assessed a total of $1,429.78 against the properties. When Pennington still failed to pay and did not seek judicial review, the assessment became a final determination of liability under T.M.C. § 2.45.040(c). The City then referred the unpaid amount to collections.

The City filed a petition in the limited actions division of the district court to recover the outstanding balance. The record suggests Pennington submitted an answer and prejudgment information sheet, but neither document appears in the record on appeal. Even if he did file an answer, it was submitted 36 days after the petition—making it untimely under K.S.A. 2022 Supp. 60-212(a)(1)(A)(i) (unless otherwise provided by law the responsive pleading must be filed in 21 days).

After seven months passed without payment, the City moved for summary judgment in December 2022 and asserted that it complied with all notice requirements, abated the properties, billed Pennington, and that Pennington neither paid nor appealed. Pennington did not initially respond. In February 2023, the City filed a supplemental motion noting his lack of response and arguing that his claims were time-barred. Shortly thereafter, Pennington—appearing pro se—filed a response admitting that he owned the properties but claiming he never received notice. He stated he had filed for bankruptcy in 2010 and again in 2017, and that because the City was listed as a creditor, it should have updated his mailing address based on those filings.

The district court held a hearing on the City's motion. The City argued that Pennington had several opportunities to challenge the violations and assessments but failed to do so, making the administrative determination final. Pennington maintained that the City should have used his updated address. The record does not indicate that any of the City's notices were returned as undeliverable. The court granted summary judgment in favor of the City for $1,429.78, plus court costs, service fees, and pre- and post-judgment interest. Pennington timely appealed.

DISCUSSION

On appeal, Pennington argues the district court erred by granting summary judgment without considering the evidence he submitted in response to the City's motion. He asks this court to reverse that ruling. Pennington claims the City violated his right to due process because he did not receive notice of the property violations in time to correct them before the City took remedial action and assessed costs. He also asserts he believed he no longer owned the properties due to an earlier bankruptcy and that the City should have updated his address based on information from those proceedings.

*Standard of Review*

An appellate court reviews a summary judgment decision de novo, applying the same legal standard as the district court. *Schreiner v. Hodge*, 315 Kan. 25, 30, 504 P.3d 410 (2022). Summary judgment is appropriate only when the pleadings, depositions, affidavits, and other supporting materials filed with the court show no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. 315 Kan. at 30.

*Preservation*

Pennington asserts that he preserved this issue for appeal by filing a response to the City's motion for summary judgment, in which he denied receiving notice of the violations. Although Pennington did not comply with the statutory timing requirements under K.S.A. 2022 Supp. 60-256(c)(1)(B), the district court nonetheless allowed him to present his arguments. Pennington further contends the district court limited his opportunity to fully present his position at the summary judgment hearing. The record, however, shows the magistrate judge made a genuine effort to understand Pennington's arguments and provided ample opportunity for him to present his position. Accordingly, we conclude the issues are adequately preserved.

We note Pennington's briefing on appeal does not comply with Supreme Court Rule 6.02(a)(4) and (a)(5) (2025 Kan. S. Ct. R. at 36) because it does not identify the standard of review, cite supporting legal authority, or provide meaningful references to the record. Even so we consider his arguments in light of the principle that Kansas courts should construe a pro se appellant's argument liberally so that relief may be granted when warranted by the facts of the case. However, we note that this simply means that the substance of a pro se appellant's argument will take priority over its label. *Joritz v. University of Kansas*, 61 Kan. App. 2d 482, 498, 505 P.3d 775 (2022). That said, liberal

4

construction has limits. Pro se litigants are given some procedural latitude but must still follow court rules. Courts will not act as their advocates, craft legal theories, or excuse noncompliance with mandatory procedures. 61 Kan. App. 2d at 498. This balance preserves fairness to all parties and ensures orderly process. Here, despite the deficiencies in Pennington's filings, this court can discern his arguments and address them on their merits.

Turning to the merits, Pennington argues he could not effectively navigate the legal process without assistance. He claims the City, its law firm, the collection agency, court staff, and the magistrate judge should have assisted him in navigating the process and allowed him more time to address the violations. He further alleges the magistrate judge made derogatory or unprofessional remarks by using a basketball analogy to illustrate that Pennington had not followed court rules.

*Pennington fails to carry his burden to show the district court erred.*

The district court properly granted summary judgment. Summary judgment is appropriate when the pleadings, depositions, and other materials show no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Cady v. Schroll*, 298 Kan. 731, 734, 317 P.3d 90 (2014). When considering such a motion, courts must resolve all facts and reasonable inferences in favor of the party opposing summary judgment. *Patterson v. Cowley County, Kansas*, 307 Kan. 616, 621, 413 P.3d 432 (2018). But to avoid summary judgment, the nonmoving party must come forward with evidence establishing a genuine dispute as to a material fact. *State ex rel. Stovall v. Reliance Ins. Co.*, 278 Kan. 777, 788, 107 P.3d 1219 (2005).

Pennington failed to meet that burden. His response to the City's motion consisted primarily of bare assertions that he did not receive notice of the code violations and that the City should have used an updated address. He presented no admissible evidence to

support those claims or to contradict the City's documented compliance with statutory notice requirements. Viewing the record in the light most favorable to Pennington, no genuine issue of material fact exists, and the City was entitled to judgment as a matter of law.

Pennington cites no legal authority or evidence showing that the City or its counsel should have known from a 2018 bankruptcy letter that his address had changed. The record contains no indication that the letter provided notice instructing the City to use a new address for property-related matters. It would be unreasonable to expect the City to crosscheck every letter it receives against its property records to ensure that mailing information is current. The record also shows that the magistrate judge made a genuine effort to understand Pennington's arguments and gave him ample opportunity at the hearing to present his position.

In *Joritz,* the court noted that pro se litigants cannot expect special treatment or guidance from opposing counsel or the trial judge. 61 Kan. App. 2d at 498. Likewise, in *O'Neill v. Herrington*, 49 Kan. App. 2d 896, 906, 317 P.3d 139 (2014), the court emphasized that pro se litigants are neither advantaged nor disadvantaged by their status. Again, the judiciary has an obligation to remain impartial and avoid assuming the role of advocate by searching the record or constructing arguments on a litigant's behalf. *Joritz*, 61 Kan. App. 2d at 499.

If the magistrate judge had attempted to provide Pennington with advice on how to reduce his fines or otherwise mitigate costs, it would have created an unfair and unethical advantage to one side. Kansas courts have repeatedly recognized that fairness requires the same procedural standards to apply to all parties, regardless of representation.

Supreme Court Rule 141(b) (2025 Kan. S. Ct. R. at 216) requires a party opposing a motion for summary judgment to state whether each of the movant's factual contentions

are controverted or uncontroverted. If controverted, the party must "concisely summarize the conflicting testimony or evidence and any additional genuine issues of material fact that preclude summary judgment" and "provide precise references" where these material facts are found in the record. Supreme Court Rule 141(b)(1)(C) (2025 Kan. S. Ct. R. at 217); *Acord v. Porter*, 58 Kan. App. 2d 747, 757, 475 P.3d 665 (2020). The rule serves an important and practical purpose in Kansas jurisprudence by promoting fairness and clarity in summary judgment proceedings. Rule 141(b) is not satisfied by merely stating that facts are controverted. *State ex rel. Stephan v. Commemorative Services Corp.*, 16 Kan. App. 2d 389, 401, 823 P.2d 831 (1991). And this rule applies equally to pro se litigants. *Mangiaracina v. Gutierrez*, 11 Kan. App. 2d 594, 595, 730 P.2d 1109 (1986).

Neither the district court nor the City's counsel had any obligation to advise Pennington on how to mitigate fees or navigate the legal process. Both are bound by specific duties and ethical limitations that prevent them from providing legal advice to litigants, including pro se litigants. Kansas courts have long held that pro se litigants in civil cases must follow the same procedural and evidentiary rules as represented parties. This ensures equal treatment of all litigants and maintains the integrity of judicial proceedings. In *Mangiaracina*, the Kansas Court of Appeals explained:

> "A pro se litigant in a civil case is required to follow the same rules of procedure and evidence which are binding upon a litigant who is represented by counsel. Our legal system cannot function on any basis other than equal treatment of all litigants. To have different rules for different classes of litigants is untenable." 11 Kan. App. 2d at 595.

The magistrate judge conducted a fair and thorough hearing on March 8, 2023. Although Pennington's response to the motion for summary judgment was untimely and did not meet the requirements of K.S.A. 2022 Supp. 60-256(e)(2), the court allowed him to argue his position in full. The magistrate judge questioned him to better understand his claims but ultimately found he presented no material evidence to dispute the City's

7

motion. On this record, there is no clear showing of error by the magistrate judge in granting summary judgment.

*Alleged Judicial Bias or Impropriety*

Finally, the record does not support Pennington's claim that the magistrate judge made unprofessional or racially charged remarks. The transcript shows that, in explaining the importance of following procedural rules, the magistrate judge used a basketball analogy: "[I]n basketball if you're standing on the three-point line, you don't get three points. Because they play by the rules." Viewed in context, the analogy was a neutral and accessible explanation intended to help Pennington—who described himself as unfamiliar with court procedures—understand why certain arguments could not be raised at that stage. Nothing in the record suggests bias or impropriety.

CONCLUSION

After reviewing the record and the applicable law, we find no error in the district court's decision. The record shows that the City of Topeka complied with its statutory obligations, provided proper notice, and supported its motion for summary judgment with competent evidence. Pennington, despite being given the opportunity to respond, failed to present any material facts or legal authority creating a genuine issue for trial. Accordingly, the district court's award of summary judgment in favor of the City of Topeka was proper.

Affirmed.