NOT DESIGNATED FOR PUBLICATION

No. 126,735

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

WASHBURN SOUTH APARTMENTS LLC,
*Appellee*,

v.

BO ZOU,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; TERESA L. WATSON, judge. Submitted without oral argument. Opinion filed June 28, 2024. Affirmed.

*Bo Zou*, appellant pro se.

*Eric Turner* and *Sarah E. Stula*, of Foulston Siefkin LLP, of Overland Park, and *Amy Lemley*, of the same firm, of Wichita, for appellee.

Before HURST, P.J., GREEN and ATCHESON, JJ.

PER CURIAM: Bo Zou appeals the district court's summary judgment in favor of Washburn South Apartments LLC (Washburn South). Washburn South argues that the district court properly granted summary judgment because Zou failed to controvert its facts and failed to support his own facts. Because the district court did not err in granting summary judgment or denying Zou's motion for sanctions, we affirm.

FACTS

Zou rented an apartment from Washburn South with a six-month lease extending from May 23, 2022, to November 30, 2022. Rent was $565 plus a monthly water bill of $20 for a total monthly payment of $585. Zou agreed to pre-pay rent for the last month of the lease, plus a $200 deposit, for a total of $765 when moving in.

The lease contained the following provisions relevant to this appeal:

- Zou must provide 30 days' written notice of his intent to vacate on a Move-Out Notice supplied by Washburn South.
- In the event of an early move out, Washburn South could apply Zou's deposit to the balance due for rent, damages, and other charges.
- In the event of default, all monthly payments for the remainder of the six-month lease would be immediately due and payable.
- Zou agreed that Washburn South would not be liable for damage or loss in personal property caused by the intentional or negligent acts of other persons, including losses by theft, burglary, assault, vandalism, or other claims.
- Zou agreed that Washburn South had the right to enter his apartment "during reasonable hours and/or after reasonable notice to [Zou]."
- No oral agreements were made, and the lease could only be amended in writing signed by all parties.
- A severability clause provided that if any portion of the lease was invalid, the other provisions would not be affected.

The record does not contain any amendments to the lease in writing, signed by the parties. The record does contain statements from Washburn South employees that

Washburn South did not agree to any amendment or agree to let Zou break his lease without penalty.

In August 2022, Zou told Washburn South's property manager, Crystal Orcutt, that someone stole his personal notebook and he wanted to break his lease early. Orcutt explained that Zou needed to follow the termination provisions in the lease and complete a Notice of Intent to Vacate packet. Zou refused to do so and claimed that his fees should be waived.

On September 6, 2022, Washburn South gave Zou notice that he was in default under the lease and that he had three days to pay the delinquent sum or Washburn South would petition for eviction. A few days later, Zou delivered a letter to Orcutt's office alleging that two unidentified men looking for a woman named Susan tried to enter his apartment. He stated that police came to his apartment and advised him that the men had left. In Zou's letter, he again stated that he wanted to break his lease. Orcutt asked Zou for a police report. Two days later, Zou provided a report stating that an officer talked to a man looking for Susan and, when asked, the man left without issue.

Washburn South petitioned the district court to evict Zou on September 20, 2022. Zou moved out a few days later. Washburn South amended its petition to include a final debt of $1,160.16.

To arrive at this figure, Washburn South started by determining an outstanding balance at move-out. Washburn South added the following: delinquent rent payments for September and October; prorated delinquent rent for November; utility fees for September and October; late fees for September and October; and cleaning charges. These charges totaled $1,925.16. Washburn South then credited Zou for his $200 deposit and his prepaid last month's rent of $565, resulting in a total amount due of $1,160.16.

Zou brought counterclaims against Washburn South. Zou claimed that Washburn South's manager entered his room without notice in June 2022, Zou's notebook was stolen in August 2022, and two men tried to enter his apartment forcibly in September 2022. Zou also claimed that Washburn South broke an oral contract that relieved him of his obligation to pay fees and rent for September. Orcutt told Zou on September 3 that his rent was payable on September 1 and was two days late, resulting in a $10 late charge. But she told him that she would not charge the $10 late fee because it was a holiday weekend. Orcutt did not otherwise represent to Zou, verbally or in writing, that Washburn South would forgive or excuse any delinquent payments. In Zou's counterclaims, he did not dispute the lease's terms or assert that the lease was invalid and unenforceable. He alleged $24,670 in damages.

Washburn South moved for summary judgment, with attached declarations from its employees to support its statement of facts. Washburn South offered evidence to show that it did not steal Zou's notebook and only entered his apartment to fix a refrigerator door handle at Zou's request. Washburn South denied entering Zou's apartment at any time other than at move-in, fixing the refrigerator handle, and move-out. Zou opposed summary judgment.

Washburn South argued that its facts in support of summary judgment were uncontroverted because Zou's opposition to summary judgment did not comply with Kansas Supreme Court Rule 141(b) (2024 Kan. S. Ct. R. at 220). The district court agreed, finding that Washburn South's facts were uncontroverted. The district court found that Zou proffered 17 facts of his own, which were largely unsupported by citations to the record or a supporting affidavit. The district court went through each numbered fact from Zou's opposition to summary judgment, explaining individually why it adopted or declined to adopt each fact in its findings. The district court addressed Zou's additional facts as follows:

4

"1.  This fact is duplicative of Washburn South's facts 1 and 2 and is not supported by a cite to the record.

"2.  This fact is duplicative of Washburn South's fact 2 and is not supported by a cite to the record.

"3.  This fact is, in large part, duplicative of Washburn South's fact 3 and the balance is not supported by a cite to the record.

"4.  Zou alleges that a representative of Washburn South entered his apartment without notice, 'contacted' his personal items and foods, and turned on the air conditioner. He says the affidavit of [property manager Julie] Jones attached to Washburn South's motion 'forged the pretext' that Jones gave him notice of the maintenance visit. Zou's cite to his Exhibit 1 does not support his allegations.

"5.  This fact is not supported by a cite to the record.

"6.  This fact is not supported by a cite to the record.

"7.  This fact is not supported by a cite to the record.

"8.  Zou alleges the contents of a conversation with a police officer to the effect that he should move out of the apartment. The fact is not supported by the cite to Zou's Exhibit 2, which is a police report, not evidence of the police officer's alleged comments.

"9.  Zou alleges the contents of some of his conversations with Washburn South's representative. Zou's version is not supported by the cite to his Exhibits 1 and 3.

"10. Zou describes an incident in September where people were knocking on his door asking for 'Susan' and Zou called the police multiple times.

"11. Zou alleges that on September 6, 2022, he notified Washburn South of an attempted break in at his apartment and that he planned to break the lease and move out. The rest of his allegations are not supported by his cite to Exhibit 3.

"12. Zou states that he filed a related small claims case against Washburn South, 2022-SC-129.

"13. Zou alleges he filed a written 'Notice of Breaking Lease and Moving Out' on September 11, 2022. This is duplicative of Washburn South's fact 48.

"14. Zou states the amount of damages initially sought in the instant case by Washburn South and the amount of damages he seeks in his counterclaims.

"15. Zou alleges that he submitted a moving out notice and refund request on September 23, 2022. Zou's cite to his Exhibit 7 does not support the balance of his allegations.

"16. This fact is not supported by a cite to the record.

"17. Zou alleges that on September 26, 2022, he requested in writing that Washburn South check his apartment again and asked for a refund of $320.34. Zou's cite to his Exhibit 8 does not support the balance of his allegations."

The district court awarded summary judgment to Washburn South on its breach of contract claims and on Zou's counterclaims.

Zou timely appeals.

ANALYSIS

I. *Did the district court fail to make the findings of fact necessary to correctly apply the law?*

Zou argues that the district court erred by not stating his controverted facts in its memorandum decision. Washburn South argues that the facts are undisputed because Zou failed to controvert Washburn South's facts in support of summary judgment.

"'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case.'" *Unruh v. City of Wichita*, 318 Kan. 12, 19, 540 P.3d 1002 (2024) (quoting *Schreiner v. Hodge*, 315 Kan. 25, 30, 504 P.3d 410 [2022]).

A disputed question of fact does not preclude summary judgment if that fact "is immaterial to the issue." *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296

6

Kan. 906, 934, 296 P.3d 1106 (2013). In other words, "if the disputed fact, however resolved, could not affect the judgment, it does not present a genuine issue of material fact." 296 Kan. at 934. In addition, under Supreme Court Rule 141, a party controverting an opposing party's factual assertion in a summary judgment motion must do so by "concisely summariz[ing] the conflicting testimony or evidence and any additional genuine issues of material fact that preclude summary judgment" and "provide precise references" to pages, lines, and paragraphs for each fact that is controverted. Supreme Court Rule 141(b)(1)(C)(i)-(ii) (2024 Kan. S. Ct. R. at 221). If a party fails to do so, the district court will deem as admitted the moving party's statement of uncontroverted facts. *David v. Hett*, 293 Kan. 679, 681, 270 P.3d 1102 (2011).

Zou presents several issues on appeal which are not properly before this court. Several of Zou's arguments are attempts to relitigate facts as he perceived them and presented them to the district court. This court is an error-correcting court, not a fact-finding one. *In re Marriage of Chandler*, No. 126,083, 2024 WL 139573, at *6 (Kan. App. 2024) (unpublished opinion). Zou presents other arguments here for the first time on appeal. As an error-correcting court, this court should not consider claims where the district court erred on an issue which was not submitted for the district court's consideration. *Fraley v. State*, No. 97,823, 2008 WL 3367566, at *2 (Kan. App. 2008) (unpublished opinion). Of Zou's many arguments, only two issues are claims of district court error appropriate for an error-correcting court. He argues that the district court used an improper format for summary judgment and that the district court erred in denying his motion for sanctions.

The first argument to address is that the district court did not properly grant summary judgment. In his own words, Zou argues the following: "Defendant's controverted facts and factual evidence were not stated in the memorandum decision and order, instead of being shown by number, and further denied without reasons. The district

court violated Kan. Sup. Ct. R. 141 & 165 and K.S.A. 60-252." This argument fails because it misunderstands the requirements of Rule 141.

"When granting a motion for summary judgment, the court must state its findings of fact and conclusions of law in compliance with Rule 165." Supreme Court Rule 141(g) (2024 Kan. S. Ct. R. at 221).

"In a contested matter submitted to the court without a jury—and when the court grants a motion for summary judgment—the court must state its findings of fact and conclusions of law in compliance with K.S.A. 60-252." Supreme Court Rule 165(a) (2024 Kan. S. Ct. R. at 232).

> "In an action tried on the facts without a jury or with an advisory jury or upon entering summary judgment, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of evidence, or may appear in an opinion or a memorandum of decision filed by the court." K.S.A. 2023 Supp. 60-252(a)(1).

It is readily apparent from the plain text of Rule 141 that Zou's first objection fails. He complains that "[d]*efendant's* controverted facts and factual evidence were not stated in the memorandum decision and order," but Rule 141(g) requires that "the court must state *its* findings." (Emphases added.) Under Rule 141(g), the district court must state the facts as the district court finds them. There is no requirement that the district court restate the defendant's (or the plaintiff's) proffered facts.

Zou also complains that the district court denied his facts without reasons. Two examples from the record help to illustrate why Zou's objections are incorrect.

First, Washburn South's summary judgment motion offered the following facts:

"1. Washburn South owns and operates the rental apartment located at 2114 SW Wayne Ave., Apt 5 Topeka, Kansas 66611 ('Apartment'). Declaration of Crystal Orcutt, ¶ 3.

"2. On May 23, 2022, Defendant Bo Zou entered into a Kansas Apartment Lease Agreement ('Lease Agreement') with Washburn South to rent the Apartment for a term of six months, from May 23, 2022, until November 30, 2022. In the Lease Agreement, Mr. Zou agreed to pay a monthly rent of $565.00 and a monthly water utility payment of $20.00, for a total of $585.00 per month. Orcutt Decl., ¶ 5; Ex. A, Lease Agreement, p. 1."

In responding to Washburn South's summary judgment motion, Zou stated the following: "1. Defendant rented the apartment, which is located at 2114 SW Wayne Ave. #5, Topeka, KS 66611, from Plaintiff on May 23, 2022. The lease is six month lease from May 23, 2022 to November 30, 2022." Washburn South provided citations to a declaration and to an exhibit. Zou provided no citation to establish his fact claim.

The district court addressed Zou's claimed fact as follows: "1. This fact is duplicative of Washburn South's facts 1 and 2 and is not supported by a cite to the record."

Supreme Court Rule 165(a) imposes on the district court the duty to provide adequate findings of fact and conclusions of law on the record to explain the court's decision on contested matters. See K.S.A. 2023 Supp. 60-252. The purpose of the findings requirement is, at least in part, to allow this court to determine whether the findings are supported by substantial competent evidence and whether judgment was proper as a matter of law. See *MFA Enterprises, Inc. v. Delange*, 50 Kan. App. 2d 1049, 1054, 336 P.3d 891 (2014). Where a lack of specific findings precludes meaningful

9

review, an appellate court may consider a remand. See *O'Brien v. Leegin Creative Leather Products, Inc.*, 294 Kan. 318, 361-63, 277 P.3d 1062 (2012).

It is readily apparent that the district court's findings allow for appellate review. The district court referred to Zou's first fact by its number. It is simple enough for this court to review the district court's finding by reading page 245 of volume 2 of the record—where the district court addressed Zou's fact—and then turn to page 110 of volume 2 of the record to see the fact as Zou presented it. Rule 141(g) does not require the district court to reproduce Zou's fact before addressing it. The district court does not need to copy and paste text from an electronic document, or worse, retype text from a paper filing to comply with Rule 141(g). Such efforts would waste time, as well as space in the record, and Rule 141(g) contains no such requirement. Zou presents no argument to support his assertion about Rule 141(g).

Further, Zou's argument that his facts were "denied without reasons" also fails in this example. The district court plainly stated that it did not incorporate Zou's fact into its own findings because the fact "is not supported by a cite to the record." It is readily apparent that the reason the district court rejected the fact was because of a lack of citation.

While it is not necessary or even appropriate to analyze here each of the 17 facts presented by Zou, one further example helps to illustrate the district court's correct handling of the facts.

Zou's fact 10 states the following:

"Around 9:04 PM of September 5, 2022, two suspicious guys used passcode to enter the unit of the apartment building, and tried to break in Defendant's apartment. The

suspicious guys used their bodies to hit and impact the door. Hopefully, two police officers arrived in time and stopped them after Defendant called 911. *See* Exhibit 4."

The district court clearly reviewed Exhibit 4, an emergency service report describing the event. The district court addressed this fact as follows: "10. Zou describes an incident in September where people were knocking on his door asking for 'Susan' and Zou called the police multiple times." The district court seemingly accepted Zou's fact as an undisputed but immaterial fact.

As stated earlier, an issue of fact is not genuine unless it has legal controlling force as to the controlling issue. A disputed question of fact which is immaterial to the issue does not preclude summary judgment. In other words, if the disputed fact, however resolved, could not affect the judgment, it does not present a "genuine issue" for purposes of summary judgment. *Northern Natural Gas Co.*, 296 Kan. at 934.

Summary judgment is rarely appropriate in negligence cases, unless the plaintiff fails to establish a prima facie case demonstrating the existence of the four elements of negligence: "existence of a duty, breach of that duty, an injury, and proximate cause." *Montgomery v. Saleh*, 311 Kan. 649, 653, 466 P.3d 902 (2020). If a court concludes that a defendant accused of negligence did not have a duty to act in a certain manner toward the plaintiff, then a court may grant summary judgment because the existence of duty is a question of law. *Elstun v. Spangles, Inc.*, 289 Kan. 754, 757, 217 P.3d 450 (2009).

The district court seemed to accept Zou's fact as undisputed. Washburn South does not deny that someone knocked on Zou's door, although it notes that police reports are hearsay. The issue of hearsay is not necessary to decide, given that the district court addressed the issue as follows:

11

"Washburn South had no duty to prevent unknown individuals from knocking on Zou's door and asking for someone named 'Susan.' 'The existence of a duty is a question of law for this court.' *Dunn v.* [*U.S.D.*] *No. 367*, 30 Kan. App. 2d 215, 221, 40 P.3d 315 (2002). Zou may have been initially bothered by the mistake, but it is not uncommon for an individual to knock, even loudly, on the wrong door. A landlord has no duty to prevent such a mistake, or to prevent any such disruption or inconvenience to a tenant."

These two examples demonstrate a fact which is clear from the record: The district court complied with Rule 141(g), addressing each fact presented and stating its findings with particularity. Zou fails to show that the district court's memorandum decision and order granting summary judgment was deficient. We hold pro se litigants—like Zou—to the same procedural standards as represented parties. *Sperry v. McKune*, 305 Kan. 469, 490, 384 P.3d 1003 (2016); see *Joritz v. University of Kansas*, 61 Kan. App. 2d 482, 498, 505 P.3d 775 (2022). "Our legal system cannot function on any basis other than equal treatment of all litigants. To have different rules for different classes of litigants is untenable." *Mangiaracina v. Gutierrez*, 11 Kan. App. 2d 594, 595, 730 P.2d 1109 (1986). Accordingly, we find the district court properly concluded that Zou's failure to comply with Rule 141(b)(1) rendered Washburn South's factual assertions admitted for purposes of summary judgment. Because the district court did not err in its summary judgment and it complied with Rule 141(g), we affirm.

II. *Did the district court err by denying sanctions against Washburn South?*

Zou argues that the district court erred by ignoring evidence when deciding on his motion for sanctions against Washburn South. Washburn South argues that Zou's motion improperly cited the criminal forgery statute as its legal basis and lacked supporting evidence for a factual basis.

12

The district court ruled on sanctions as follows:

"Zou filed a motion for sanctions 'on Plaintiff's perjury, forgery and falsification on [*sic*] documents, and contempt of the court.' He said he brought the motion under K.S.A. 21-5823, which is the criminal forgery statute. He asserted that Washburn South, Jones, and Orcutt lied and falsified documents attached in support of Washburn South's motion for summary judgment. Zou did not set forth any evidence that supported his allegations. He made various claims about the nefarious activity of Jones and Orcutt in his motion for sanctions but did not attach an affidavit from him or anyone else with facts supporting his allegations. He did not set forth any legal authority for imposing sanctions other than a criminal statute which does not authorize sanctions in a civil case. Zou's motion for sanctions is denied."

The district court's ruling contains no error. On appeal, Zou argues that the district court ignored his evidence. To support his argument, he cites parts of the record which contains his assertions of perjury and forgery. It is clear from the record that Zou made several assertions of forgery and perjury to the district court. But contentions are not evidence. The district court correctly determined that none of Zou's assertions had evidentiary support beyond Zou making an assertion. For example, one who attempts to persuade by one's mere assertion and repetition is a propounder of a conclusory argument. Because it offers no reasons in support of its conclusions, a conclusory argument is incapable of persuading anyone who does not already agree with it. Thus, the district court did not ignore evidence. There simply was no evidence to consider. Since the district court properly denied Zou's motion for sanctions, we affirm.

III. *Did Zou preserve his other claims?*

Zou presents several other arguments which fall into two major categories. Some issues are not properly preserved and are not properly before this court. Some issues are raised for the first time on appeal and are not properly before this court. Washburn South argues that Zou asks this court to reweigh evidence and arrive at a different outcome

13

because the district court did not make the fact-findings or legal conclusions that Zou wanted. Washburn South also argues that Zou cannot raise issues for the first time on appeal which were not briefed to the district court.

An issue not briefed is deemed waived or abandoned. *In re Adoption of Baby Girl G.*, 311 Kan. 798, 803, 466 P.3d 1207 (2020). Issues not adequately briefed are deemed waived or abandoned. See *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018). A point raised incidentally in a brief and not argued therein is deemed waived or abandoned. *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017). Failure to support a point with pertinent authority or failure to show why a point is sound despite a lack of supporting authority or in the face of contrary authority is like failing to brief the issue. *In re Adoption of T.M.M.H.*, 307 Kan. 902, 912, 416 P.3d 999 (2018).

Issues not raised before the district court cannot be raised on appeal. *In re Adoption of Baby Girl G.*, 311 Kan. at 801. Constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review. *Bussman v. Safeco Ins. Co. of America*, 298 Kan. 700, 729, 317 P.3d 70 (2014). Supreme Court Rule 6.02(a)(5) (2024 Kan. S. Ct. R. at 36) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019). In *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), and *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015), our Supreme Court warned that Supreme Court Rule 6.02(a)(5) would be strictly enforced, and litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed, and the issue will be deemed waived or abandoned. *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). "As a general rule, unless there are exceptional circumstances, appellate courts do not consider issues on appeal that were not raised by the parties. [Citation omitted.]" *State v. Laborde*, 303 Kan. 1, 7, 360 P.3d 1080 (2015), *overruled on other grounds as stated in Balbirnie v. State*, 311 Kan. 893, 468 P.3d 334 (2020).

Zou's first unpreserved argument is that the lease is illegal and unenforceable because the deposit was greater than statutorily permissible. K.S.A. 58-2550(a) states that "[a] landlord may not demand or receive a security deposit for an unfurnished dwelling unit in an amount or value in excess of one month's periodic rent." Zou asserts that Washburn South charged him a $765 deposit and $565 monthly rent, violating K.S.A. 58-2550. His argument fails due to one fact problem and one law problem.

The factual difficulty with Zou's argument is that he fails to show that Washburn South charged a $765 deposit. Moreover, Zou fails to consistently argue that Washburn South charged a $765 deposit. For his third issue, he claims that he should not have been evicted because he paid September rent. To support this claim, he asserts that he prepaid the last month's rent. On pages 17 to 18 of his brief, Zou states the following:

> "After Defendant showed the district court the evidence that Defendant prepaid $565 for the rent of last month, and the deposit is only $200 (R. I, 220-222), Plaintiff had to acknowledge the fact that the deposit is only $200, and Defendant prepaid $565 for the rent of last month in Plaintiff's Memorandum in support of motion for summary judgment."

Thus, at one point in his brief, he asserts that the $765 total breaks out into a $200 deposit (which would not violate K.S.A. 58-2550) plus the last month's rent of $565. This argument directly contradicts his assertion on pages 13 to 14 of his brief that the entire $765 was the deposit. By presenting both arguments simultaneously, Zou violates the basic laws of logic. His deposit was either $200 or it was not.

Zou presented the district court with the same contradiction as this court. In opposing summary judgment, he inserted into his facts section a conclusory statement which is inappropriate for a statement of facts under Rule 141. See *City of Arkansas City v. Bruton*, 284 Kan. 815, 836-37, 166 P.3d 992 (2007) (describing the need to "'separate the wheat from the chaff'" by identifying the actual material facts and sorting out

15

conclusory statements and improper assertions of legal conclusions). Zou asserted to the district court that "Plaintiff wrote $765 as deposit on the lease in violation of Kansas laws. The lease should be deemed illegal and as a result, is generally not enforceable."

On appeal, Zou points out that he mentioned the $765 deposit when opposing summary judgment. But Zou's opposition contained no legal argument about the impact of this asserted fact. Merely mentioning a fact or stating a conclusion is not the same as presenting a complete argument to the district court. Also, he contradicted himself. In section III.B of his response, he asserted the following: "Plaintiff has to admit the deposit is $200, and Defendant prepaid $565 for last month rent in Plaintiff's motion for summary judgment." Thus, in his facts section he stated that the deposit was $765 but in his argument section he argued that it was $200 plus the last month's rent of $565. In the face of this contradiction from Zou, the district court found that Zou paid $200 as a deposit and prepaid the last month's rent of $565 for a total initial payment of $765 upon moving in.

So, Zou asks this court to affirm the district court's finding on page 18 of his brief where he asks that $565 be considered a rent payment, while the remaining $200 is his deposit. But on page 15, he asks this court to reverse the district court and find that the entire $765 was a deposit, making the lease illegal and unenforceable. In short, he asks this court to change the facts from one argument to the next to match what he feels is advantageous. Zou fails to show, or even consistently argue, that the district court erred when it found that he paid a $200 deposit and $565 as the last month's rent.

And the legal problem that Zou's argument encounters is the lease's severability clause. He asserts that Washburn South charged him a $765 deposit—an unsafe assumption factually. And he claims that this deposit makes the entire lease unenforceable—an unsafe assumption legally. The lease does contain a severability clause. The lease states that if one part of the lease is illegal and unenforceable, the other

provisions would not be affected. Kansas courts generally uphold severability provisions. See, e.g., *Great Plains Roofing and Sheet Metal, Inc. v. K Building Specialties, Inc.*, 62 Kan. App. 2d 204, 211-13, 510 P.3d 1172 (2022) (discussing whether an indemnification provision was unenforceable and should be severed from a severable contract). Zou asserts that the deposit provision of the lease is illegal because it charged a deposit of $765, which is more than one month's rent. But he fails to explain why this provision's invalidity would render the entire lease invalid despite the severability clause. Zou waives the issue because he fails to brief it.

Next, Zou argues that Washburn South did not pay a $195 filing fee for its motion for summary judgment. Washburn South points to several issues with Zou's claim. First, Washburn South notes that the dispositive motion fee does "not apply to an action pursuant to the code of civil procedure for limited actions." K.S.A. 2023 Supp. 60-2008(d). This eviction proceeding is a limited action under K.S.A. 61-3801 et seq., making it unnecessary for Washburn South to pay the filing fee. Second, Zou provides no evidentiary basis for his claim that Washburn South did not pay a fee. But most importantly, Zou's opposition to summary judgment did not contain any argument that the district court could not rule on the summary judgment motion because Washburn South had not paid the filing fee for the motion. The time to argue that the district court could not rule on the motion was before the district court ruled on the motion. Because Zou raises this claim for the first time on appeal, we affirm the district court.

Zou also argues that the district court erred in relying on Washburn South's revised final account statement in calculating financial liability. Zou failed to controvert Washburn South's facts supporting summary judgment. In his response, Zou failed to argue that the account statement was inadmissible or otherwise incorrect. Because Zou raises this issue for the first time on appeal, we decline to address it.

17

Finally, Zou's seventh issue asserts that "[t]he district court erred by violating the Kan. Sup. Ct. R. 360 to cheat Defendant 'No Audio Recording of 12/7/22 Hearing' and depriving of Defendant's equal rights in the proceedings in violation of Kan. Const. Bill of Rights § 1." Zou acknowledges that he received a transcript of the December 7, 2022 hearing. But he complains about the accuracy of the transcript and insists that "there must be an electronic recording existing for the hearing."

On appeal, this court received an audio recording from the district court to add to the appellate record. This court reviewed the transcript while listening to the entire 1-hour, 36-minute, and 41-second audio recording. Zou's seventh issue fails for two reasons. First, the transcript is accurate. Everything that was said in English at the hearing is accurately reproduced in the transcript.

Second, and more importantly, Zou fails to adequately brief his issue. Zou claims the transcript is false. In his own words: "Defendant found that a lot of key contents of 12/7/22 hearing were modified or forged. . . . Moreover, the district court let the court reporter . . . modify and forge some key contents of the transcripts to cover up the misconducts of [J]udge Watson and make Defendant lose the lawsuit." But Zou identified nothing in the printed transcript which was "modified or forged" or "cover[ed] up the misconducts."

We are not obligated to compare the transcription with the audio recording, especially without some specific suggestion as to what was supposedly falsified. But this problem is exacerbated by the fact that we have compared the transcription with the audio recording and found no falsifications of any kind. It is now more difficult to determine what Zou's complaint is because the transcript has proven to be accurate. Zou has failed to fully explain which statements in the transcript are inaccurate and how those inaccuracies could have any bearing on his case. Because Zou has failed to adequately brief the issue, we reject his complaint about the accuracy of the transcripts.

18

Thus, several of Zou's arguments fail because they are not properly before this court. Zou presents on appeal two arguments of district court error and in both cases the district court did not err. Because the district court did not err in granting summary judgment or denying Zou's motion for sanctions, we affirm.

For the preceding reasons, we affirm.

Affirmed.