NOT DESIGNATED FOR PUBLICATION

No. 126,573

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS, *ex rel.*, SECRETARY OF DEPARTMENT FOR CHILDREN AND
FAMILIES, *Appellees*,

v.

C.L.H.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Allen District Court; DANIEL D. CREITZ, judge. Submitted without oral argument. Opinion filed October 25, 2024. Affirmed.

*C.H.*, appellant pro se.

*Christine M. Smith*, contract attorney, of YoungWilliams CSS, of Junction City, for Department for Children and Families, for appellees.

Before ARNOLD-BURGER, C.J., GREEN and HILL, JJ.

PER CURIAM:  C.L.H. (Father) appeals the district court's denial of his pro se petitions to reverse his child support order, arguing that his child support arrearages should be set aside because the order was obtained fraudulently and without his knowledge. The district court determined he provided no legal authority under which the court could grant relief and dismissed Father's petition. Finding no error, we affirm the district court's dismissal of Father's petitions.

1

## FACTUAL AND PROCEDURAL HISTORY

In January 2005, the State petitioned for child support against Father on behalf of C.L.H. (born in May 2003), his minor child with L.G. (Mother), in Allen County case No. 05DM10. After several unsuccessful attempts, the State personally served Father with a copy of the petition in July 2005.

Father did not respond or appear at the August 2005 hearing, so the district court entered a default judgment. In its order, the court granted a motion to consolidate a separate case—Allen County case No. 04DM146—involving J.R.H., another child of Father and Mother, ordering that "all payments toward the judgment granted below or in the event support is ordered, shall be paid under [C.L.H.'s case]." The court declined to order child support at that time because Father was living with Mother and the children, but otherwise ordered Father to reimburse the State for cash assistance, genetic testing, and court costs. Along with the judgment, the court entered an income withholding order, but we do not know the specific terms of the order because the order does not appear in the record on appeal.

About a week later, however, the district court entered a journal entry nunc pro tunc, ordering Father to pay child support in the amount of $202 per month after determining Father was not living with Mother and the children, as he was incarcerated and would be for another two years. The court entered a modified income withholding order, but again we do not know the specific terms of the order because it does not appear in the appellate record.

The income withholding order remained unchanged until June 18, 2021, when the district court entered a modified order. Again, no copy of this order appears in the record, so we are not privy to the details.

About three weeks later, in July 2021, Father sent *a letter* to the district court "requesting a modification for child support payments." According to Father, he had lived in the same home as Mother since C.L.H.'s birth and had "proof of bills and rental properties in his name" for that time. Father alleged Mother had "fraudulently received child support payments since 2008" and filed taxes as married status, allowing Mother to receive "all of [his] stimulus" despite Father never marrying Mother nor signing any tax documents. Father further alleged that he "never received any paperwork or court order in this matter, because it was hidden by [Mother], while [Father] was working on the road to provide for [Mother] and all the children in the household." As relief, Father requested "that this child support order be stopped immediately, and that the over $40,000 that is owed be forgiven," as well as an investigation into the allegations he made against Mother. That is the only letter contained in the appellate record. It does not appear that the court took any action based on the letter.

A year later, in June 2022, Father filed two identical pro se petitions, two days apart, to terminate his child support order, stating that he was "requesting immediate termination of any child support case and/or any balance due to the state and owed to [Mother]." There was no reason listed in the petition as to why he felt child support should be modified.

The State responded asserting that Father's petitions failed to state a claim upon which relief could be granted and should be summarily dismissed.

A month later, Father sent another *letter* to the district court, requesting a "fair hearing." He broadly alleged that Mother had committed fraud against him and that he never received notice of the child support order.

The district court held a hearing in September 2022, at which Father appeared by Zoom. The court began by briefly explaining that it lacked the authority to grant Father's

3

requested relief, but asked Father if he had "some authority, a case, a statute, something" stating otherwise. Father said, "I don't have it right on me and right with me, sir." The attorney for the State pointed out that Father's request pertained to "arrears only, not a current child support," since "the child emancipated [in May] of 2021." The court agreed, stating it lacked the authority to "basically vacate all the back child support that's due and owing," and that the only choice was to dismiss Father's petition for lack of jurisdiction. Father asked how he could "go about getting this taken care of," to which the court offered that he could make payments or seek an attorney. After the hearing, the court filed an amended journal entry dismissing Father's petitions because "[t]he Court lacks authority to terminate the child support order."

Father timely appealed.

ANALYSIS

Father appeals from the district court's order dismissing his two petitions to terminate child support. The relief requested on appeal is "that this child support order be reversed immediately, and that the over $40,000 that is owed be forgiven, and completely removed from my record and credit report."

*Pro se litigants must follow the rules of procedure.*

We begin by noting that it is well settled:

> "A pro se litigant in a civil case is required to follow the same rules of procedure and evidence which are binding upon a litigant who is represented by counsel. Our legal system cannot function on any basis other than equal treatment of all litigants. To have different rules for different classes of litigants is untenable. A party in civil litigation cannot expect the trial judge or an attorney for the other party to advise him or her of the law or court rules, or to see that his or her case is properly presented to the court. A pro se

4

litigant in a civil case cannot be given either an advantage or a disadvantage solely because of proceeding pro se." *Mangiaracina v. Gutierrez,* 11 Kan. App. 2d 594, 595-96, 730 P.2d 1109 (1986).

*Father fails to comply with Supreme Court Rule 6.02.*

Pro se status does not allow a litigant to ignore appellate procedures, including Supreme Court Rule 6.02 (2024 Kan. S. Ct. R. at 35). Father fails to comply with at least three procedural rules contained in Rule 6.02.

First, Rule 6.02(a)(4) explicitly prohibits arguments in fact sections. See *Joritz v. University of Kansas*, 61 Kan. App. 2d 482, 500, 505 P.3d 775 (2022), *rev. denied* 315 Kan. 968 (2022). In the fact section, Father elaborates—albeit briefly—on the merits of his underlying claims.

Second, Father's brief does not include "[a] brief statement, without elaboration, of the issues to be decided in the appeal," as required under Supreme Court Rule 6.02(a)(3) (2024 Kan. S. Ct. R. at 36). Father's issue statement makes no mention of the district court's ruling that it lacked authority to terminate his child support. Instead, Father simply repeats his allegations that he was unaware of the child support case because he was not properly served. While his complaints are not difficult to understand, Father's issue statement fails to properly identify the ruling being appealed.

Third, Father's brief also provides no standard of review or any relevant legal authorities to support his arguments, as required by Supreme Court Rule 6.02(a)(5). As the State correctly notes, it is well-known that whether jurisdiction exists is a question of law subject to unlimited review. *Foster v. Kansas Dept. of Revenue*, 281 Kan. 368, 369, 130 P.3d 560 (2006). The reason the district court dismissed his petitions stemmed from Father's failure to provide any authority allowing the district court to grant his requested relief, and because none appeared to exist. On appeal, Father cites only K.S.A. 39-720—

which defines the crime of welfare fraud—but does not explain how it would give the district court authority to terminate his child support order or forgive his arrears. On appeal, as in the district court, Father provides no relevant legal authority—statutory or caselaw—to support overturning the district court's dismissal of his petitions.

*Father fails to designate an adequate record for meaningful appellate review.*

Along with Father's inadequate briefing contrary to Supreme Court Rules, he has failed to designate a record sufficient to establish error. "An adequate factual record is required to conduct meaningful appellate review of an issue. A party challenging the ruling of the district court is responsible for developing an adequate record for appeal." *State v. Carr*, 314 Kan. 744, Syl. ¶ 19, 502 P.3d 511 (2022); see *Kelly v. VinZant*, 287 Kan. 509, 526, 197 P.3d 803 (2008) ("An appellant has the burden to designate a record sufficient to establish the claimed error; without such a record, the claim of error fails. [Citation omitted.]"). Father omits several relevant documents from the record on appeal which may have allowed meaningful appellate review.

*Father fails to support his arguments with any legal authority.*

As to the merit of his claims, Father does not contest that the children are now 18 years old. Nor does he assert that any of the exceptions in K.S.A. 23-3001(b) apply to extend his child support obligation. He does not challenge the court's ruling that it has no ability to terminate child support that is no longer due. He asserts only that the original child support order be reversed so that the $40,000 he owes be forgiven and removed from his credit report.

Father again cites no authority allowing the district court to retroactively modify his child support order, which is typically controlled by K.S.A. 23-3005. Under that statute, a court can only "make a modification of child support retroactive to the first day

6

of the month following the filing of the motion to modify." K.S.A. 23-3005(b). This limitation exists because child support payments become final judgments under Kansas law once they are due, and those judgments can be enforced and collected like any other judgment. *Dallas v. Dallas*, 236 Kan. 92, 93, 689 P.2d 1184 (1984). But see K.S.A. 2023 Supp. 60-2403(b) (past-due child support judgments, as of July 1, 2007, do not become dormant or unenforceable). Failure to support a point with pertinent authority or failure to show why a point is sound despite a lack of supporting authority or in the face of contrary authority is like failing to brief the issue. *In re Adoption of T.M.M.H.*, 307 Kan. 902, 912, 416 P.3d 999 (2018). Issues not adequately briefed are deemed waived or abandoned. See *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018).

Father also fails to address the State's argument that a motion for relief from the child support judgment under K.S.A. 2023 Supp. 60-260(b) is time-barred under K.S.A. 2023 Supp. 60-260(c) since it was filed more than a year after the initial child support order. Again, an issue not briefed is deemed waived or abandoned. *In re Adoption of Baby Girl G.*, 311 Kan. 798, 803, 466 P.3d 1207 (2020).

Finally, Father asserts he is entitled to relief because he was never properly served. But as the State points out, the record says otherwise because he was personally served with a copy of the petition in C.L.H.'s case on July 8, 2005.

Put simply, Father fails to comply with several procedural rules on appeal: he provides no relevant authority allowing the district court to grant his requested relief, and he provides no relevant argument or authority on appeal that explains how the district court erred in dismissing his petitions. Accordingly, we have no choice but to affirm the district court's dismissal of Father's petition for lack of jurisdiction.

Affirmed.